IN RE ESTATE OF MCDONALD, DECEASED.

[Cite as In re Estate of McDonald, 15 Ohio Misc. 74.]

(No. 227580—Decided July 25, 1966.)

Probate Court of Franklin County.

*Mr. Victor S. Krupman,* for applicants.
*Mr. Kiehner Johnson,* for Kathryn McDonald.
*Mr. James L. Graham,* for Nationwide Mutual Insurance Company.


WILLIAMS, Chief Deputy. Pursuant to a prior order referring the above entitled proceding to me for hearing and report, I proceeded under the provisions of Section 2315.37 of the Revised Code to hear and examine such proceeding and respectfully submit the following report thereon:

### STATEMENT OF FACTS

This matter came on for hearing on the application of Lucille Martindale and others to reopen and reappoint a fiduciary in the Estate of Gerald William McDonald, deceased, for the purpose of receiving service of summons in lawsuits which may be filed in the Franklin County Common Pleas Court or Columbus Municipal Court, said lawsuits being filed as a result of an automobile accident occurring on or about September 12, 1964, and in which the decedent was purportedly involved.

The record shows that on February 26, 1965, Kathryn N. McDonald was appointed executrix of the said estate; that on January 28, 1966, she filed her final and distributive account as such executrix, and that on March 9, 1966, the account was confirmed and Kathryn N. McDonald was discharged as such executrix.

It is admitted by all parties that no claim was presented to the executrix by the applicants during the pendency of the estate.

It is the contention of the applicants that the decedent, at the time of the automobile accident in question, was covered by a liability insurance policy.

### CONCLUSION OF LAW

Section 2117.07, Revised Code, reads as follows:

PRESENTATION OF CLAIMS AFTER FOUR MONTHS.

Anyone having a claim against an estate who fails to

present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing and at least five days before the date of the hearing the claimant shall give written notice thereof to the executor or administrator and to such other parties as the court may designate. The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

(A) That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06, Revised Code;

(B) That the claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney;

(C) That the claimant was subject to any legal disability during such period or any part thereof.

A claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees, and distributees and no payment shall be made nor any action maintained thereon except as otherwise provided in Sections 2117.37 to 2117.42, inclusive, Revised Code, with reference to contingent claims.

The executor or administrator is not accountable to any such claimant for any assets of the estate which he may lawfully have paid out or distributed prior to service upon him of notice of the hearing on such petition, nor for any other action which he may lawfully have taken prior to such time; and such claim shall not prevail against creditors, legatees, and distributees who have received payment or distribution from the assets of the estate prior to the service of such notice, or against a surviving spouse who has made her election to take under the will or under Sec-

tions 2105.01 to 2105.21, inclusive, Revised Code, prior to such time, or against *bona fide* purchasers and other persons who have dealt with the executor or administrator in good faith.

This section applies to any person who is required to give written notice to the executor or administrator of a motion or application to revive an action pending against the decedent at the date of death.

Nothing in this section or in Section 2117.06, Revised Code, shall reduce the time mentioned in Section 2305.10, Revised Code, provided that no portion of any recovery on a claim brought pursuant to such section shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117., Revised Code.

Section 2305.10, Revised Code, reads as follows:

BODILY INJURY OR INJURY TO PERSONAL PROPERTY.

An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.

The last paragraph of Section 2117.07, Revised Code, was added by amendment effective August 9, 1963.

There appears to be no reported cases on the exact question raised here, but this section, as amended, has been construed in *Baker* v. *Farish*, 30 O. O. (2d) 606, a well-reasoned case in which the nine-month period had run with no presentation of a claim *before the amendment became effective.* Here the court held that inasmuch as the statute of limitations had run before the presentation of the claim, the limitation had not been extended by the amendment.

However, in answer to the problem here presented, the court, referring to this amendment, said at page 607:

This added paragraph obviously provided that when recovery from a tort-feasor was to be satisfied from insurance and would not consume any of the assets of a decedent's estate, that in such event the two-year statute of limitation for bringing an action for injury to person or property as provided for by Section 2305.10, Revised Code, would apply and would not bar an action, notwithstanding

the requirement of presentment of claim to the administrator within at least nine months from the date of appointment of the administrator, as above set forth.

Furthermore, Syllabus 2, which seems to your Referee to be the proper interpretation of the statute, reads as follows:

Section 2117.07, Revised Code, as amended lengthens and stretches the nine-month statute of limitation expressly provided by it to the full two-year statute of limitation provided for by Section 2305.10, Revised Code, for actions involving injury to person or property, provided only that any recovery in that event not be satisfied from the assets of the estate.

The author's test on Section 2117.07, Revised Code, Addams and Hosford, Ohio Probate Practice, 1965-1966 Supplement, indicating the same result, reads as follows:

The only change effected by the amendment of this section (130 v. H. 13, Sec. 1), was the addition of the last paragraph which covers situations arising under Section 2305.10, Revised Code, which provides that an action for bodily injury shall be brought within two years after the cause of action arose. The amendment covers a situation in which A has a cause of action for bodily injury against B and B dies. Under Section 2117.06, Revised Code, A must present a claim against B's estate within four months after a fiduciary is appointed or within nine months, under Section 2117.07, Revised Code, if there is to be any recovery against B's estate; but if A does not present a claim under Section 2117.06 or 2117.07, Revised Code, A can still proceed against B under Section 2305.10, Revised Code.

As to requalification of a discharged executor, the statutes are silent. However, the power of the court so to do is so universally recognized that a fee for the same is provided in the general fee section of the Ohio Revised Code, Section 2101.16 (A) (63). Therefore, there is no doubt of the court's authority to reopen the estate and requalify the executrix for proper cause.

The contention of counsel for Nationwide Mutual Insurance Company of impairment of contract will not be considered inasmuch as there was no admission on the

,)art of Nationwide of the existence of a contract or the ; ntents of the contract if, in fact, one did exist.

It is, therefore, the opinion of the Referee that Section 2117.07, Revised Code, does extend the time for ming suit to two years as set forth in Section 2305.10, Revised Code; that said estate should be reopened and the executrix or some other proper person be requalified as fiduciary of the estate, provided, however, that any recovery made by the applicants herein shall not be satisfied from the assets, if any, of the estate.

Respectfully submitted,
s/Frederick T. Williams
Chief Deputy

In The Probate Court of Franklin County, Ohio
- - - - - - - - - - - - -
In the Matter of Estate of

Case Number 227580

Gerald W. McDonald

Notice of Report of General Referee

TO: Mr. Victor S. Krupman
Attorney at Law
88 East Broad Street
Columbus, Ohio 43215

You will hereby take notice that Frederick T. Williams, a General Referee duly appointed and acting in this court, has prepared a report in the above styled matter, the same having been previously presented to him for such report, a copy of which report is attached hereto.

If no motion for a new trial is filed with said referee within ten days after the receipt hereof, said report will be filed with the court, which report shall then stand as the decision of the court.

Witness my hand and the Seal of this Court, this 25th day of July, 1966.

S/ Richard B. Metcalf
Richard B. Metcalf
Judge of the Probate Court of Franklin County, Ohio.