495 P.2d 138

**In the Matter of the ESTATE of Eliza Jane ROSE, also known as Eliza Jane Norman, Deceased.**

**In the Matter of the ESTATE of Eliza Jane NORMAN, also known as Eliza Jane Rose, Deceased.**

**Henry G. NORMAN, Jr., Appellant,**

v.

**TRANSAMERICA TITLE INSURANCE COMPANY, Appellee.**

**No. 10579–PR.**

Supreme Court of Arizona,

In Banc.

March 24, 1972.

Divelbiss & Gage, by Carl W. Divelbiss, Phoenix, for appellant.

Lewis & Roca, by Charles Crehore, David L. Cocanower, Phoenix, for appellee.

UDALL, Retired Justice:

In its motion for rehearing, appellee states there is some confusion on the basis of jurisdiction we relied upon in rendering our decision in this action, 108 Ariz. 101, 493 P.2d 112. In order to resolve this and another matter we accordingly issue this supplemental opinion.

The Court of Appeals, 485 P.2d 1190, dismissed the appeal holding appellant's objections to the discharge of the administrator to be a Rule 60(c) motion, Ariz.R.Civ.P., 16 from probate court is not an appealable A.R.S., but that the denial of such a motion order.

Our original decision vacated the Court of Appeals' decision without specifically setting forth our basis for jurisdiction.

Our appeals statute in part has been adopted from California. Similarly our probate statutes derive their origin from California. In Re Lynch, 92 Ariz. 354, 377 P.2d 199 (1962); Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229 (1948). Section 963 of the California Code of Civil Procedure which lists the appeals which may be taken from a superior court limits appeals from probate court to those listed in the Probate Code, § 1240. Section 1240 of the Probate Code lists some 14 appeals from probate which may be taken to the Supreme Court. California has thus divided its civil appeals into two categories, those which may be taken from probate court—California Probate Code § 1240—and those listed in the general appeals section of the California Code of Civil Procedure—§ 963. Arizona has made no such division nor does Arizona follow California's procedure. Our appeals, other than criminal, are listed in one general appeals statute—§ 12–2101, 4 A.R.S. It covers both general civil and probate with the probate appeals appearing in subsection J.

We have previously held that "the rules of civil procedure govern in probate proceedings." In Re Brandt's Estate, 67 Ariz. 42, 45, 190 P.2d 497, 499 (1948). A Rule 60(c) motion is proper in probate proceedings to set aside a probate decree on any of the grounds listed in Rule 60(c). In Re Hayward's Estate, 63 Ariz. 1, 159 P.2d 307 (1945). Since a Rule 60(c) motion may properly be made in a probate proceeding as in other civil proceedings and since appeals

may be taken from an order entered therein by reason of § 12–2101, subsec. C [1] in other cases, Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963), there is no reason to deny the right of appeal from a Rule 60(c) motion in probate cases. The reasons justifying the appeal of a Rule 60(c) motion in non-probate cases are equally applicable to this situation.

It should be further noted that our decision did not hold fraud was committed. We stated "it would appear that fraud has been established by clear and convincing evidence." We are aware that no trial on the issue of fraud has been conducted and for this reason ordered the matter remanded for a trial de novo.

We do not believe that our language in the original decision may be interpreted as charging counsel in this matter with the acts which we held to have been "strong evidence of fraud." Counsel's duty was not enlarged. Counsel had the right to rely upon the representations to him which in this case seemingly were buttressed by an Oklahoma decree holding the deceased, Eliza Jane Rose, to have died intestate, and as a single woman. This decree was not made a part of the record in the court below but was presented to this Court for the first time on rehearing. We take notice of it here only for purposes of assisting us in clarifying what may otherwise have been a misinterpretation of our original decision.

Motion for rehearing denied.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

NOTE: Justice Udall was assigned this case prior to his retirement and was recalled by court order to complete same. Justice William A. Holohan did not participate.

1. "§ 12–2101. Judgments and orders which may be apealed
* * * * *

"C. From any special order made after final judgment."