125 Ariz. 270 (1980)
609 P.2d 85
In the Matter of the ESTATE OF William Robbins CHASE, Deceased.
Katherine Harris CHASE, Personal Representative-Appellant,
v.
Richard E. WHITE, Plaintiff-Appellee.
No. 1 CA-CIV 4385.
Court of Appeals of Arizona, Division 1, Department B.
January 24, 1980.
Rehearing Denied March 12, 1980.
Review Denied April 1, 1980.
*271 O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Franzula M. Bacher, and George H. Mitchell, Phoenix, for personal representative-appellant.
Killian, Legg & Nicholas by Charles W. Wirken, Mesa, for plaintiff-appellee.
OPINION
YALE McFATE, Judge, Retired.
Plaintiff Richard E. White and the decedent William Robbins Chase, an unmarried man, were involved in an automobile accident on July 9, 1973, as a result of which White suffered personal injuries. At the time of the accident, the deceased was insured under a liability insurance policy which protected him against liability for the accident. Chase died from causes unrelated to the accident on October 17, 1973. His estate was opened for probate, and Katherine Harris Chase was appointed as executrix in November, 1973. On January 1, 1974, the Uniform Probate Code as adopted in Arizona became effective, superceding the prior code. (Laws 1973, Ch. 75, Title 14 A.R.S.). Pursuant to Laws 1973, Ch. 75, Sec. 29(2), the probate proceeding then pending became a proceeding in supervised administration.
Two years after the accident, July 9, 1975, while the estate was pending probate, plaintiff filed his complaint in the superior court, alleging that William Robbins Chase was dead, and joining as a defendant "William Robbins Chase, deceased." Neither the estate nor the executrix was named as a party defendant.
On September 5, 1975, after publication of notice to creditors and expiration of creditor claim period, the executrix filed her final accounts and petition for order of complete settlement of the estate and, on September 26, 1975, the court entered its order approving the final accounting, settling the estate and discharging the executrix "from any claim or demand of any interested person."
On February 26, 1976, five months after the discharge of the executrix, plaintiff attempted service of summons on "William Robbins Chase, deceased, by service upon Katherine Chase, representative of estate" and upon Katherine Chase, individually, who was not named as a defendant and against whom no claim was asserted in the complaint.
On September 29, 1976, plaintiff moved to amend his complaint to add "Katherine Chase as personal representative of the estate of William Robbins Chase, deceased." No objection was made and the motion was granted on October 18, 1976. On December 14, 1976, said newly named defendant answered, setting up that she was not named in the caption of the complaint, was insufficiently served, and had been previously discharged as personal representative. She also asserted the claim was barred by the two year statute of limitations for personal injury actions (A.R.S. § 12-542). On October 31, 1977, she moved for summary judgment on the basis that she was not properly a party before the court in view of her earlier discharge as personal representative of the estate. Before any hearing was had on the motion, plaintiff moved in the probate court to reopen the estate. The motion was granted and on April 3, 1978, the court ordered that the estate be reopened and that Katherine Chase be reappointed as personal representative for the purpose of receiving service of process in the civil action. The probate court based its decision *272 on A.R.S. §§ 14-3803(A) and (C), which read as follows:
§ 14-3803. Limitations on presentation of claims
A. All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative and the heirs and devisees of the decedent, unless presented as follows:
1. Within four months after the date of the first publication of notice to creditors if notice is given in compliance with § 14-3801, except claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state.
2. Within three years after the decedent's death, if notice to creditors has not been published.
* * * * * *
C. Nothing in this section affects or prevents:
1. Any proceeding to enforce any mortgage, pledge or other lien upon property of the estate.
2. To the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance. (Emphasis added)
The principal issue presented on appeal is whether the probate court erred in reopening the estate and reappointing the executrix for the purpose of service of process upon her in the civil litigation.
Appellant's position is that State v. Smith, 6 Ariz. App. 261, 431 P.2d 902, is dispositive of this case and, although it was decided in 1967 before the 1974 revision of the probate code, the effect of its holding is to bar the plaintiff's claim. Appellee's position is that neither the probate claim statute nor the final closing of the estate and discharge of the executrix constitutes a bar to his claim insofar as the deceased was protected by liability insurance, and he is entitled to have the estate reopened for the limited purpose of service of process in the civil action.
Ordinarily an action for personal injury may be brought within the period prescribed by the applicable statute of limitations, in this case A.R.S. § 12-542, which provides as follows:
There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
1. For injuries done to the person of another.
This statute commenced to operate against appellee's claim from the date of the accident, July 9, 1973. However, an action for personal injury does not survive the death of the tortfeasor in the absence of a statute so providing. Rodriquez v. Terry, 79 Ariz. 348, 290 P.2d 248 (1955); Harleysville Mutual Insurance Company v. Lea, 2 Ariz. App. 538, 410 P.2d 495 (1966). We look then to the statutes to determine whether and under what circumstances and against whom appellee may assert his claim.
At the time of the death of Chase, on October 17, 1973, the statute in effect was A.R.S. § 14-477, which was carried forward in the 1974 revision of the probate code as A.R.S. § 14-3110, and insofar as material to the present case reads as follows:
Every cause of action ... shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person.
The foregoing statute does not create a new claim, but merely prevents abatement of the original claim and provides a means for its enforcement. Barragan v. Superior Court, 12 Ariz. App. 402, 470 P.2d 722 (1970). The means provided is to bring an action against the personal representative of the deceased, A.R.S. § 14-3110, and inasmuch as the claim survives the *273 death of the alleged tortfeasor, the two year statute of limitations for personal injury actions continues to operate after his death.
A.R.S. § 14-3802 refers to claims against a decedent's estate and provides in part as follows:
The running of any statute of limitations measured from some other event than death and advertisement for claims against a decedent is suspended during the four months following the decedent's death but resumes thereafter as to claims not barred pursuant to the sections which follow.
(Sections which follow refer to claim limitation period, presentation and allowances of claims, etc.) The exclusions noted in the foregoing statute are those limitation statutes which commence on either (1) date of death (which does not apply here), or (2) advertisement for claims against decedent. The statute of limitations for presentation of claims (four months after date of first publication of notice to creditors), insofar as the estate and the personal representative are insulated from the claim by liability insurance, does not apply because of the express terms of A.R.S. § 14-3803(C)(2). Consequently, appellee's claim is one in respect to which the statute of limitations is "measured from some other event than ... advertisement for claims against a decedent," that event being in this case the date of the accident. This means simply that A.R.S. § 14-3802 continues in effect the two year statute of limitations as to appellee's claim.
Pursuant to A.R.S. § 14-3802, the running of the statute of limitations is suspended during the four months following the decedent's death, but resumes thereafter. Appellee commenced his civil action exactly two years after the accident, within the time limited by A.R.S. § 12-542, as extended by § 14-3802, pending the estate proceedings, but he failed to assert his claim against the personal representative of the deceased, as required by A.R.S. § 14-3110. Attempted service of summons after the estate was closed on the discharged executrix was ineffective. It was not until October 18, 1976, that the complaint was amended to add Katherine Chase in her capacity of personal representative as a party defendant, but service of summons on her at that time was likewise ineffective because she was not the personal representative of the estate, and had not been since her discharge on September 26, 1975.
After the estate had been closed, it was not until the court's order reopening the estate and reappointing the executrix that appellee was in a position to assert a claim as authorized by A.R.S. § 14-3110. This was accomplished April 3, 1978, more than two and one-half years after the estate was closed and more than four years and eight months after the accident. It would appear from the face of the record that the claim has been barred by limitations, but we make no such finding. The point has not been raised on appeal. We are mindful that the bar of the statute must be affirmatively pled and it may also be waived. A.R.S. § 14-3802. The proper party to raise such issue in the trial court is the newly appointed personal representative.
Appellant relies heavily on State v. Smith, 6 Ariz. App. 261, 431 P.2d 902 (1967), as authority for reversal of the probate court's order reopening the estate. In that case, petitioners sought to reopen an estate in order to file a tort claim which had not been presented prior to the decree settling the administratrix' final accounting and the final decree of distribution. The court held that petitioners were creditors of the estate whose claims were foreclosed by the probate decree, basing its decision on the fact that the proceedings were in rem and res judicata. 6 Ariz. App. at 265, 431 P.2d 902. The decision was rendered prior to the revision of the probate code, but the holding that probate proceedings are in rem, as applied to supervised administration, is still the law and has not been affected by the subsequently adopted code. A.R.S. § 14-3501 provides in material part as follows:
Supervised administration is a single in rem proceeding to secure complete administration *274 and settlement of a decedent's estate....
In rem proceedings are binding on the interests of all persons in the res or subject matter with which the proceedings are concerned, thus providing stability and security to adjudicated interests. Had the petitioners in Smith prevailed, the estate and "recipients thereof" would have been required to reckon with a money judgment which would necessitate vacating the probate proceedings involving settlement of accounts and distribution, re-marshalling the assets or the residue thereof, and after accounting to the new creditor, making further distribution of the residue, if any.
We are not concerned with such possibilities in the case now before us. The purpose of this proceeding is not to vacate the decree of distribution or to affect the rights of any creditor, but to reopen the estate for the limited purpose of appointing a fiduciary to receive service of summons. Any judgment which may be recovered in the litigation will not be paid by the estate. Appellee is not now a creditor of the estate and makes no claim to any property interests which were adjudicated by the decree of settlement, and should he prevail in his action, no creditor or heir will be affected in any manner.
Due to the basic dissimilarities in the relief sought and the legal effect thereof, we do not consider Smith to be controlling authority in respect to the issues presented on this appeal. We hold that the closing of the estate of William Robbins Chase did not operate to bar the appellee's claim.
We proceed next to the issues raised concerning the type of remedy, if any, which is available to the appellee. The parties have argued extensively the question as to the applicability of procedures set forth in rule 60(c), Rules of Civil Procedure. It has been determined that rule 60(c) authorizes the setting aside of a decree of distribution. In re Estate of Rose, 108 Ariz. 207, 495 P.2d 138 (1972); In re Estate of Hayward, 63 Ariz. 1, 159 P.2d 307 (1945). The applicable portions of the rule are as follows:
On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than six months after the judgment, order or proceeding was entered or taken.
Subdivision (6) applies only when no provision for relief is made in the other parts of the rule. International Association of Machinists and Aerospace Workers v. Petty, 22 Ariz. App. 539, 529 P.2d 251 (1974). The long delay by appellee in asserting his claim, the ineffective attempts to serve process on the party designated by law to receive process, and the failure to join an indispensable party, if excusable, would obviously come within the provisions of rule 60(c)(1), but that remedy was lost to appellee by failure to assert it within six months. The remedies under subdivisions (1) and (6) of the rule are mutually exclusive. We find no facts in the record from which the court could find subdivision (6) applicable. Therefore, the appellee has no recourse to rule 60(c), Rules of Civil Procedure. However, rule 60(c) is not the exclusive remedy available to appellee. Tardiness or neglect, per se, does not deprive appellee of the right to assert his claim within the period authorized by the statute of limitations. If there is no effect on the in rem concept of finality in respect to the decrees of settlement, and if no rights settled by those decrees are affected, the court may reopen the estate, not to subject it to any liability, but as a necessary procedure for determining whether and to what extent the appellee is entitled to the benefits of a liability insurance policy protecting the deceased. In a case strikingly similar to the one we are now considering, In re Estate of McDonald, 15 Ohio Misc. 74, 239 N.E.2d 277 (1966), the probate court of Franklin County, *275 Ohio, held that an estate may be reopened and the discharged executor reappointed for the purpose of receiving service of process in litigation arising out of an automobile accident where the estate assets would not be subjected to the claim and the deceased was covered by a liability insurance policy. Petitioner's claim had not been presented during probate. The Ohio statute provided:
Nothing in [the statutes barring claims not presented during probate] shall reduce the time mentioned in [the statute requiring actions for personal injury to be brought within 2 years], provided that no portion of any recovery on a claim brought pursuant to such [2 year statute of limitation] shall come from the assets of an estate unless such claim has been presented against the estate in accordance with [the probate claim statutes].
239 N.E.2d at 279. (The bracketed matter substituted for the relevant cited statutes has been inserted for clarification.)
In McDonald, the court said:
As to requalification of a discharged executor, the statutes are silent. However, the power of the court to do so is so universally recognized that a fee for the same is provided in the general fee section of the Ohio Revised Code, Section 2101.16(A)(63). Therefore, there is no doubt of the court's authority to reopen the estate and requalify the executrix for proper cause.
239 N.E.2d at 280.
We hold that under the circumstances of this case, the probate court did not err in entering its order reopening the estate and reappointing the executrix. Accordingly, the order is affirmed.
EUBANK, P.J., and OGG, C.J., concur.