**William C. SEVERSON, as Personal Representative of the Estate of Jeffrey A. Severson, Petitioner,**

v.

**ESTATE of Shirley H. SEVERSON, Respondent.**

**No. 5461.**

Supreme Court of Alaska.

May 8, 1981.

---

· Peter A. Galbraith, Galbraith & Frost, Joseph L. Young, Young & Sanders, Anchorage, for petitioner.

Richard L. Waller, Hagans, Brown & Gibbs, Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR and BURKE, JJ., and DIMOND, Senior Justice.

## OPINION

BURKE, Justice.

The issue in this case is whether a decedent's estate is entitled to bring a direct action against an alleged tortfeasor's liability insurer.

Dr. Jeffrey A. Severson and his wife, Shirley H. Severson, disappeared on a flight from Homer to Anchorage, Alaska. The Seversons were aboard an aircraft owned and piloted by Shirley H. Severson. On December 18, 1978, a coroner's jury concluded that the Seversons should be presumed dead.

On June 14, 1979, an action for wrongful death was filed in the superior court. The plaintiff in that action is William C. Severson, appearing as personal representative of the Estate of Jeffrey A. Severson. The Estate of Shirley H. Severson is the named defendant.

At the time of her disappearance, Mrs. Severson was the named insured under a policy of insurance issued by Underwriters at Lloyds, London. The policy provides liability coverage for loss incurred by Mrs. Severson or her estate as a result of injury to passengers in her aircraft, including the death of her husband, Dr. Severson.

After receipt of the named defendant's answer, plaintiff moved to amend his complaint. His proposed amendment would add a second cause of action against Mrs. Severson's insurer, based solely upon "the negligence of its insured . . . in the operation of [her] aircraft." Thus, his amended complaint would plead a direct cause of action against the insurer.

After hearing the arguments of the parties, the superior court denied plaintiff's motion to amend his complaint. That ruling is now before us on plaintiff's petition for review.

Plaintiff's argument is that a direct action against the insurer should be permitted, to overcome the danger of prejudice that exists in a suit between family members. He argues, "Knowledge of the identity of the real party in interest in an intrafamily tort suit is necessary to overcome the danger inherent in such actions of prejudice, which can pervade both the liability and the damage determinations of the jury." Petition at 5.

This danger was noted in *Drickersen v. Drickersen*, 604 P.2d 1082 (Alaska 1979). In *Drickersen*, we held that it was not error, under the facts of that case, to question prospective jurors on the subject of insurance, since "there was a real danger that some of the prospective jurors might have been improperly prejudiced by the fact that the lawsuit was brought by a husband against his wife, on behalf of their own child." *Id.* at 1085. The issue in the case at bar, however, is not whether the jury should be informed of the fact that Mrs. Severson's estate is covered by insurance, but, rather, whether her insurer can be sued directly: "What Petitioner proposes is not

the admission into evidence of the existence of insurance, but the naming of the insurers as direct defendants because they are the real parties in interest." This, we believe, is an entirely different question than the one that concerned us in *Drickersen.*

We are aware of only two states which allow a direct cause of action against a tortfeasor's insurer, Louisiana and Wisconsin. In those states, however, such actions are expressly authorized by statute. La. Rev.Stat.Ann. 22:655; Wis.Stat. § 803.04(2). Elsewhere, the common law rule of no direct liability prevails.[1] Dean Prosser explains that rule as follows:

> Since, in its inception, liability insurance was intended solely for the benefit and protection of the insured, which is to say the tortfeasor, it followed that the injured plaintiff, who was not a party to the contract, had at common law no direct remedy against the insurance company.

Prosser on Torts, § 82 at 544 (4th ed. 1971).

Despite petitioner's argument, we are not persuaded that we should recognize a direct cause of action against the insurer in the case at bar. AS 01.10.010 provides: "So much of the common law not inconsistent with the Constitution of the State of Alaska or the Constitution of the United States or with any law passed by the legislature of the State of Alaska is the rule of decision in this state." As noted, the common law on this subject is clear and overwhelmingly contrary to the rule urged by petitioner.

The ruling of the superior court is AFFIRMED.

---

1. In *Shingleton v. Bussey*, 223 So.2d 713 (Fla. 1969), the Florida Supreme Court held, "A direct cause of action now inures to a third party beneficiary against an insurer in motor vehicle liability coverage cases as a product of the prevailing public policy of Florida." *Id.* at 715. The Florida legislature, however, passed stat-utes prohibiting such actions. Fla.Stat. §§ 627.7262, 768.045. The Florida court held § 627.7262 unconstitutional as an invasion of the court's power to fashion procedural rules in *Markert v. Johnson*, 367 So.2d 1003 (Fla.1978), but it declined to pass on the broader provisions of § 768.045.