Michael HAMILTON and Robyn L. Willett, individually and as next friends of Mikki Hamilton and Randi Willett, Appellants,

v.

William E. BLACKMAN, (Deceased), Appellee.

No. S-6010.

Supreme Court of Alaska.

May 17, 1996.

D. Randall Ensminger, Law Office of D. Randall Ensminger, Fairbanks, for Appellants.

David S. Carter, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for Appellee.

Before RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

EASTAUGH, Justice.

### 1. INTRODUCTION

Nearly twenty-six months after they and their children were injured in a two-vehicle collision, Michael Hamilton and Robyn Willett brought a tort action against a deceased person, William Blackmon.[1] Blackmon, the driver of the second vehicle, suffered fatal injuries. The superior court dismissed the complaint. This appeal raises questions about how to enforce claims against the estates of deceased persons, the time in which to do so, and the potential application of the relation back doctrine when the original complaint directly names a deceased person. We remand to the superior court to determine whether Hamilton and Willett should be permitted to amend their complaint in this case.

### 2. FACTS AND PROCEEDINGS

On April 19, 1991, a vehicle driven by William E. Blackmon collided head-on with a vehicle driven by Michael Hamilton; Robyn Willett and two young minors, Mikki Hamilton and Randi Willett, were passengers in the vehicle driven by Hamilton. Blackmon received fatal injuries; Hamilton, Willett, and the two minors (hereafter collectively "Hamilton and Willett") were injured.

In April 1991 Hamilton and Willett submitted their claim to State Farm Mutual Automobile Insurance Company (State Farm), which provided liability insurance for Blackmon and medical coverage for Hamilton and Willett at the time of the accident. On May 21 Blackmon's wife, Linda Blackmon (now Stiffler) filed an application in probate court to receive decedent's personal property. She represented that the value of the estate did

---

1. Both parties have referred to the defendant as "Blackman" during this litigation. According to the record, the decedent's name is properly spelled "Blackmon."

not exceed $15,000 and that no application for appointment of a personal representative was pending or had been granted. On May 28 the superior court ordered that Linda Blackmon was entitled to receive decedent's personal property. The court closed the probate file the same day.

In early 1992 Hamilton and Willett retained counsel and began settlement correspondence with State Farm. On June 3, 1993, State Farm notified the attorney for Hamilton and Willett that the statute of limitations appeared to have run on any claims by the adults and inquired whether counsel wanted to meet and settle the minors' claims.

Hamilton and Willett filed suit five days later. They apparently served Linda Stiffler with the complaint and summons on June 16. The complaint named and referred to the defendant as "William E. Blackman, (Deceased)." The summons referred to the Defendant as "Personal Representative of the Estate of William Blackman, deceased, Linda Blackman, Personal Representative." Counsel filed an answer on behalf of "the defendant, William E. Blackman (deceased)" on June 28.

The defendant, through counsel, moved to dismiss the suit on the ground that no personal representative had been appointed for the estate, and thus Hamilton and Willett had "filed suit against a deceased person and attempted service upon the widow" in violation of AS 13.16.020.[2] Hamilton and Willett argued that they should not be required to obtain the appointment of a personal representative since they were not suing an estate, but rather were willing to restrict damages to Blackmon's liability insurance policy limits. Acknowledging the apparent misspelling, they argued that if the court would not let them proceed against "William Blackmon, deceased," they should be permitted either to amend their complaint to assert a claim against State Farm as the real party in interest, or to file a probate action to obtain the appointment of a personal representative for Blackmon's estate and to amend their complaint to substitute the personal representative as defendant. Hamilton and Willett requested a hearing on the motion to dismiss. Denying the request for a hearing, the court granted Blackmon's motion to dismiss in August 1993. Hamilton and Willett filed a motion for reconsideration and a motion to amend their complaint, again arguing that they should be allowed to denominate the proper defendant and that the amendment should be allowed to relate back to the original complaint. The court denied the motion for reconsideration in September 1993 and did not rule on the motion to amend. This appeal followed.[3]

### 3. STANDARD OF REVIEW

The parties agree that the material facts of this case are not at issue. The issues on appeal involve matters of law and statutory

---

**2.** AS 13.16.020 provides:

A proceeding to enforce a claim against the estate of a decedent or the decedent's successors may not be revived or commenced before the appointment of a personal representative. After the appointment and until distribution, all proceedings and actions to enforce a claim against the estate are governed by the procedure prescribed by this chapter. After distribution a creditor whose claim has not been barred may recover from the distributees as provided in AS 13.16.635 or from a former personal representative individually liable as provided in AS 13.16.640. This section has no application to a proceeding by a secured creditor of the decedent to enforce a right to the security except as to any deficiency judgment which might be sought in the proceeding.

**3.** Hamilton and Willett attached to their opening appellate brief nineteen "exhibits," only one of which is in the appellate record designated by the parties. Prior to amendments to the Alaska

Rules of Appellate Procedure effective July 15, 1994, the appellate record consisted of only those documents and things in the trial court file expressly designated by the parties. Alaska R.App.P. 210(a)(1) (1994). That rule governs the appellate record in this case. Apart from a return of service contained in the designated appellate record, and a summons which was probably part of the trial court's file, it does not appear from the record properly before us that the other exhibits were available to the trial court when it entered the rulings now on appeal. As a result, they could not properly be added to the record by motion to supplement. Alaska R.App.P. 210(h) (1994). The appellee has not, however, objected that any of the exhibits is not properly before us; instead the appellee's brief refers to two of the non-record exhibits. Appellee has therefore waived any objection to our consideration of the non-record exhibits.

interpretation. Thus, this court will use its independent judgment in reviewing the superior court's interpretations of the law. *Croft v. Pan Alaska Trucking, Inc.*, 820 P.2d 1064, 1066 (Alaska 1991).

Whether relation back is legally permitted where the original pleading was brought against a deceased person is a question of law requiring this court to exercise its independent judgment. *Cf. Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991) (exercising independent judgment in interpreting a civil rule).

## 4. *DISCUSSION*

Hamilton and Willett argue that it was error to prevent them from filing suit directly against decedent William Blackmon since their recovery will be limited to Blackmon's insurance coverage. They note that under Alaska law there is no direct action against a tortfeasor's insurer and that Blackmon's widow waived probate and would have no real interest in defending a suit seeking only insurance proceeds. If their suit requires appointment of a personal representative for Blackmon's estate, however, they argue that they should have been allowed to amend their complaint, and that the amendments would have related back to the date they filed their original complaint. Blackmon argues that the superior court correctly held that claims against a decedent's insurance policy cannot be brought directly against the decedent and that the relation back doctrine does not apply in this case.

## A. *Timeliness of Adult Claimants' Original Complaint*

The issues of whether the court should have allowed amendment of the complaint and whether such amendment would relate back are moot regarding the adult plaintiffs, Michael Hamilton and Robyn Willett, unless their original complaint complied with the statute of limitations. Thus we must first determine whether their original complaint was timely filed.[4]

The accident occurred on April 19, 1991. Hamilton and Willett filed suit on June 8, 1993—almost twenty-six months later. They concede that under Alaska law, a plaintiff generally must bring a personal injury suit within two years. AS 09.10.070. Nonetheless, they argue that because Blackmon died after the personal injury statute of limitations began to run, AS 13.16.455 suspended the running of the statute of limitations during the four months following Blackmon's death.[5] Thus, they argue the statute did not run until twenty-eight months after the accident, or more than two months after they filed suit.

Blackmon, citing AS 13.16.460, Alaska's nonclaim statute, first argues that Hamilton and Willett had only four months after Blackmon's death to present claims to the estate. Blackmon alternatively argues that even if the two-year personal injury statute of limitations applies, the close proximity of Blackmon's death to the accident giving rise to the cause of action renders AS 13.16.455's four-month extension inapplicable.

---

4. If the original complaint was not timely filed, the issues of relation back and proper personal jurisdiction are moot with regard to the claims asserted by Michael Hamilton and Robyn Willett as amendments must relate back to the date of a timely filed original pleading. *Siemion v. Rumfelt*, 825 P.2d 896, 898–99 (Alaska 1992). The issues would not be moot with regard to the minors since their disability as minors continues to toll the statute of limitations. AS 09.10.140. *Truesdell v. Halliburton Co., Inc.*, 754 P.2d 236, 238 (Alaska 1988).

5. AS 13.16.455 provides:
   Unless an estate is insolvent the personal representative, with the consent of all successors whose interests would be affected, may waive any defense of limitations available to the estate. If the defense is not waived, no claim which was barred by any statute of limitations at the time of the decedent's death shall be allowed or paid. The running of any statute of limitations measured from some other event than death and advertisement for claims against a decedent is suspended during the four months following the decedent's death but resumes thereafter as to claims not barred pursuant to the sections which follow. For purposes of any statute of limitations, the proper presentation of a claim under AS 13.16.465 is equivalent to commencement of a proceeding on the claim.

### 1. *Alaska Statute 13.16.460*

■ We reject Blackmon's argument that AS 13.16.460 required Hamilton and Willett to present their claims to the estate's personal representative within four months of Blackmon's death. Alaska Statute 13.16.460 is Alaska's nonclaim statute. It provides that all claims which arose before a decedent's death, including tort claims, if not barred earlier by statutes of limitations, are barred against the decedent's estate, personal representative, and heirs and devisees unless presented within four months after proper notice to creditors is first published, or if no notice is given, within three years after decedent's death.[6]

This statute explicitly excepts proceedings to establish liability not exceeding the limits of insurance. AS 13.16.460(c)(2).[7]

We have never directly addressed AS 13.16.460(c)(2); however, other courts have reasoned that the corresponding provision of the Uniform Probate Code (UPC) reflects the fact that, unlike estate assets, the proceeds of a liability insurance policy

> may only be claimed by plaintiffs who are entitled to be indemnified in accordance with the terms of the policy. Thus, the proceeds are not available to the general creditors or beneficiaries of the estate. Moreover, the claims of the plaintiffs to be satisfied by the insurance proceeds do not affect the interests of the beneficiaries under the estate and thus present no obstacle to an orderly and exact administration of the estate.

*Sommermeyer v. Price*, 198 Colo. 548, 603 P.2d 135, 138 (1979) (*citing In re Estate of McDonald*, 15 Ohio Misc. 74, 239 N.E.2d 277 (1966); *Belancsik v. Overlake Memorial Hosp.*, 80 Wash.2d 111, 492 P.2d 219 (1971)) (holding that period to apply for administration of estate was tolled for minority age claimants). *See also Corlett v. Smith*, 107 N.M. 707, 763 P.2d 1172, 1175 (N.M.App.) ("A failure to file within the statutory [nonclaim] period bars only the right to enforce any liability of the estate beyond the limits of the insurance policy. The action itself is not barred."), *cert. denied*, 107 N.M. 610, 762 P.2d 897 (1988); *Tank v. Peterson*, 214 Neb. 34, 332 N.W.2d 669, 671 (1983) (holding the nonclaim statute did not bar plaintiffs from maintaining an action against the decedent's insurer to the extent of coverage); *Uniform Probate Code* § 3–803(c) (1994); 1 *Uniform Probate Code Practice Manual* 326 cmt. (Richard V. Wellman ed., 1977) ("Tort claims will normally involve the decedent's or the personal representative's casualty insurance and so will fall within [this] exception.").

Alaska Statute 13.16.460 did not require Hamilton and Willett to present their liability claim to the estate within four months after publication of notice to creditors, because they are not claiming liability for an amount exceeding Blackmon's liability insurance limits.

■ Further, Blackmon has not demonstrated that notice to creditors was ever published. Therefore the four-month limitation

6. AS 13.16.460(a) provides:

> All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision of it, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
> (1) within four months after the date of the first publication of notice to creditors if notice is given in compliance with AS 13.16.450; however, claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state;

> (2) within three years after the decedent's death, if notice to creditors has not been published.

7. AS 13.16.460(c)(2) provides:
> (c) Nothing in this section affects or prevents:
> . . . .
> (2) to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which there is protection through liability insurance.

The Uniform Probate Code (UPC) has been adopted by Alaska. *See* AS 13.06.–13.36. AS 13.16.460 is materially identical to UPC § 3–803. *See Uniform Probate Code* § 3–803 (1994); 1 *Uniform Probate Code Practice Manual* 325–26 (Richard V. Wellman ed., 1977).

expressed in AS 13.16.460 never began to run.

#### 2. *Alaska Statute 13.16.455*

■ Hamilton and Willett next argue that AS 13.16.455 suspended the two-year personal injury limitations statute for four months following Blackmon's death. We hold that Hamilton and Willett are correct.

Alaska Statute 13.16.455 reads in pertinent part:

> The running of any statute of limitations measured from some other event than death and advertisement for claims against a decedent is suspended during the four months following the decedent's death but resumes thereafter as to claims not barred pursuant to the sections which follow.[8]

The quoted language ensures that the running of any applicable statute of limitations is suspended for four months. As AS 13.16.455 states, any statute of limitations (*e.g.,* AS 09.10.070, which measures the limitation period by the occurrence of "some other event") is tolled for four months following the decedent's death. *See Uniform Probate Code* § 3–802; 1 *Uniform Probate Code Practice Manual* 325 cmt ("This section means that four months is added to the normal period of limitations by reason of a debtor's death before a debt is barred."). One court has held that § 3–802 "mandates that the claimant look to the applicable statute of limitations as well as the nonclaim provisions in § 3–803" and that "[t]he clear purpose [of § 3–802] is to give the claimant an opportunity to seek satisfaction from the estate's personal representative before bringing suit." *Martel v. Stafford,* 157 Vt. 604, 603 A.2d 345, 348 (1991) (citation omitted).

Thus, AS 13.16.455 extends by four months the two-year limit set by AS 09.10.070. The original complaint, filed within twenty-eight months of the accident, was consequently timely.

#### B. *Requirement of Appointment of Personal Representative for Decedent's Estate*

■ Hamilton and Willett argue that because they are not attempting to enforce a claim against Blackmon's estate, AS 13.16.020—which requires the appointment of a personal representative before commencing a claim against a decedent's estate—does not apply. They assert that AS 13.16.460(c)(2) gives them the option of filing suit against either the decedent's personal representative or the decedent. They argue that because State Farm insured Blackmon, an action against him "whether he is deceased or not" provides a basis for prosecuting their case.

Blackmon argues that "William E. Blackman, [sic] deceased" is not a legal entity over which a court has personal jurisdiction, and that Hamilton and Willett were consequently required to begin a probate proceeding and obtain the appointment of a personal representative to give the court personal and subject matter jurisdiction.

A plaintiff seeking an award within the limits of a deceased tortfeasor's liability insurance policy must nevertheless obtain court appointment of a personal representative and bring suit against the personal representative. Although other courts have held that claims against a decedent's insurance policy are not claims against the decedent's estate for purposes of a nonclaim statute, courts nevertheless have held that the existence of a liability insurance policy warrants the opening of an estate and the appointment of a personal representative. *Compare Corlett,* 763 P.2d at 1174 (citing *Sommermeyer v. Price,* 198 Colo. 548, 603 P.2d 135 (1979)) (holding that claims that will be paid by insurance are not considered claims against the estate for purposes of that state's statutory equivalent of UPC § 3–803) *with Price v. Sommermeyer,* 195 Colo. 285, 577 P.2d 752, 755 (1978) (adopting the "general rule" that a right of indemnity under a liability insurance policy constitutes a sufficient asset for the appointment of an administrator and the probate of an estate).

---

**8.** AS 13.16.455 is materially identical to § 3–802 of the UPC. *See Uniform Probate Code* § 3–802;

1 *Uniform Probate Code Practice Manual* 324.

Although no case explicitly states that a plaintiff bringing a claim covered by liability insurance is required (as opposed to permitted) to have an estate opened and a personal representative appointed, at least under Alaska law, these procedures are required even where the damages are limited to insurance coverage. Alaska Statute 09.05.015(a)(11) does not create jurisdiction over a deceased person, but instead provides that an Alaska court has personal jurisdiction "in an action against a personal representative to enforce a claim against the deceased person represented" if the court would otherwise have jurisdiction over the decedent if still living. Furthermore, under Alaska law a plaintiff may not sue a tortfeasor's insurance company directly. *Evron v. Gilo,* 777 P.2d 182, 187–88 (Alaska 1989); *Severson v. Estate of Severson,* 627 P.2d 649, 651 (Alaska 1981). *See also* William L. Prosser & W. Page Keeton, *The Law of Torts* § 82, at 586 (5th ed. 1984) ("[T]he injured plaintiff ... had at common law no direct remedy against the insurance company.").

Thus, by necessity, a plaintiff must open an estate and obtain appointment of a personal representative to give a trial court personal jurisdiction over the estate whether or not the decedent was covered by liability insurance.[9] Consequently, to pursue their claim, Hamilton and Willett were required to open an estate and have the court appoint a personal representative for Blackmon's estate.

### C. *Relation Back Doctrine*

Under Alaska Civil Rule 15(c), an amendment changing the party against whom the same claim is asserted relates back if, within the statute of limitations, the party being brought in (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[10]

Hamilton and Willett argue that if the superior court determined that they were required to treat their claim as a claim against Blackmon's estate, it should have given them an opportunity to open an estate, obtain the appointment of a personal representative, and amend their complaint so they could bring their claim against the proper defendant.[11] Blackmon argues that a com-

---

**9.** As noted above, *see supra* part B, numerous courts have held the appointment of an administrator and the probate of an estate is permissible in this situation. *Price,* 577 P.2d at 755 n. 3 (collecting cases). It is established that courts have subject matter and personal jurisdiction over cases in which the "estate" is comprised only of the decedent's liability insurance coverage. Nothing in Alaska's probate code—which is modelled after the UPC, *see* AS 13.06.005–.010—indicates that courts in this state should deviate from this rule. The extensive provisions in Alaska's probate code regarding creditor's claims against the estate offer adequate guidance to plaintiffs whose claims are covered by the decedent's insurance policy. *See* AS 13.16.450–.525.

**10.** Alaska Civil Rule 15(c) provides:

Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

**11.** Hamilton and Willett also argue that the superior court should have permitted them to amend their complaint under the misnomer doctrine. However, the misnomer doctrine is relevant where,

the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect. Under those circumstances, an amendment merely correcting that description does not entail the actual "changing" of the parties and it should be allowed as a matter of course as long as it satisfies the standard in the first sentence of Rule 15(c).

6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1498, at 130 (1990) (footnotes omitted). The misnomer doctrine is not applicable here because the amendment required in this case would be more substantive than merely correcting the spelling of the decedent's name or restyling a party to reflect its correct name.

plaint filed against a deceased person is void *ab initio,* and that consequently there is no valid complaint to which an amendment can relate back.

While we have never directly addressed the issue of whether an amendment to substitute a personal representative for a deceased person should be allowed to relate back, federal courts and other state courts have. Under Federal Civil Rule 15(c), amendments adding the representatives of the estates of deceased persons as defendants have been permitted and held to relate back to the date of the original proceedings. In such cases, the appointed representatives were shown to have had actual notice and knowledge of the action against the deceased person. *Loudenslager v. Teeple,* 466 F.2d 249, 250–51 (3d Cir.1972); *Brennan v. Estate of Smith,* 301 F.Supp. 307, 309 (M.D.Pa.1969). *See also Davis v. Cadwell,* 94 F.R.D. 306, 308 (D.Del. 1982) (distinguishing *Loudenslager* and *Brennan* because the appointed representative of an estate did not possess actual knowledge and notice of the action against her within the statutory period); *Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 739 (9th Cir.1982) (allowing relation back where the original claim was barred by statute of limitations and noting that the lack of personal or subject matter jurisdiction for the original pleading does not preclude relation back).

State courts have split on this issue. Some courts hold that a complaint filed against a deceased person does not invoke the jurisdiction of the court. These courts consequently hold that where an original complaint is filed against a dead person before the applicable statute of limitations has run, but the decedent's representative is substituted by amendment after the statute of limitations runs, the statute of limitations is a valid defense to the action. *McCue v. Colantoni,* 80 Ill.App.3d 731, 36 Ill.Dec. 263, 268, 400 N.E.2d 683, 687 (1980) (citing *Wells v. Lueber,* 43 Ill.App.3d 973, 3 Ill.Dec. 126, 358 N.E.2d 293 (1976)). *See also Bricker v. Borah,* 127 Ill.App.3d 722, 82 Ill.Dec. 707, 708–09, 469 N.E.2d 241, 242–43 (1984) (holding a complaint filed against a deceased person is void *ab initio* and does not invoke the juris-

diction of the court, precluding the possibility of substitution of parties).

Other state courts have rejected the argument that a complaint brought against a person not within the court's jurisdiction is a nullity *ab initio* and have allowed for substitution of parties in such situations. *Burcl v. North Carolina Baptist Hosp., Inc.,* 306 N.C. 214, 293 S.E.2d 85, 94–95 (1982) (allowing relation back of amendment changing capacity in which plaintiff sued, and noting that defendants had full notice of wrongful death claim and were not prejudiced by change). *See also Thomas v. Grayson,* 456 S.E.2d 377, 380–81 (S.C.1995) (applying relation back doctrine to allow assertion of qualification of personal representative appointed subsequent to statute of limitations). In *Thomas* the court noted that "[a] number of courts have applied Rule 15(c) to allow relation back of amendments in wrongful death actions where the personal representative was not properly appointed." *Thomas,* 456 S.E.2d at 380 (citing *Davis v. Piper Aircraft Corp.,* 615 F.2d 606 (4th Cir.), *cert. denied,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Slaughter v. Southern Talc Co.,* 949 F.2d 167 (5th Cir.1991); *Santana v. Holiday Inns, Inc.,* 686 F.2d 736 (9th Cir.1982); *Burcl v. North Carolina Baptist Hosp., Inc.,* 306 N.C. 214, 293 S.E.2d 85 (1982)).

■ Although we have never considered the precise question at issue here, we have considered Civil Rule 15(c) on many occasions. We have observed that the "touchstone" of the relation back doctrine is fairness; that is, whether the substituted party has fair notice of the cause of action and whether its rights will be prejudiced if the delay is allowed. *Farmer v. State,* 788 P.2d 43, 47 (Alaska 1990). The rules should be liberally construed to ensure that no plaintiff is deprived of a hearing on the merits solely because of the intricacies and technical limitations of pleading. *Id.* Although we have stated in dictum that Civil Rule 15(c) should be strictly construed, we have subsequently retreated somewhat from that position. *Id.* at 48 & n. 15. *But see Siemion v. Rumfelt,* 825 P.2d 896, 899 n. 3 (Alaska 1992) (taking "conservative approach" of requiring a party to fulfill all the requirements of Civil Rule

15(c) for the amended complaint to relate back).

In this case, State Farm does not argue that it did not have actual notice and knowledge of the lawsuit; it instead appears that State Farm had actual notice.[12] Blackmon states that "plaintiffs' assertion ... that Linda Stiffler received notice of the suit and arranged for an attorney to defend it is absolutely inaccurate. Counsel herein contacted Ms. Stiffler, not the other way around." Hamilton and Willett assert that the law firm defending Blackmon was retained by State Farm, and filed an entry of appearance on June 28, 1993. Blackmon does not argue to the contrary on appeal.

■ Nor does Blackmon argue that any potential defendant will be prejudiced by allowing a substitution of parties. These factors militate strongly in favor of permitting relation back. The fundamental purpose of Civil Rule 15(c)—fairness to the incoming defendant—appears to have been met. *Farmer*, 788 P.2d at 47; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1498, at 106 (allowing amendments changing parties to relate back prevents claim from being defeated on a "technical basis" when it should have been decided on its merits). We thus agree with the federal courts and those state courts holding similarly that amendments adding the representatives of the estates of deceased persons as defendants may relate back to the date of the original pleadings, even if the original pleading erroneously named only the decedent as the defendant.

■ In this case, however, Hamilton and Willett not only failed to name the proper defendant, they also failed to follow the procedures necessary to "create" the proper defendant by having an estate opened and a personal representative appointed. Thus, an amendment would require more than just serving the new defendant and adding the

name of the new defendant to the pleadings. Hamilton and Willett would have to have the proper defendant appointed before the pleadings could be amended. Blackmon argues that this distinction precludes relation back. This argument appears to rest on Blackmon's assertion that because plaintiffs did not follow the proper procedures, the trial court was never vested with jurisdiction. Just as we hold that a plaintiff can amend a complaint brought against a deceased person after the statute of limitations has run, we likewise hold that the plaintiff may have a personal representative appointed. Thus, relation back may be permitted even where substituting a new defendant first requires that an appropriate defendant be appointed, provided that the requirements of Civil Rule 15(c) are met.

Although we hold that the superior court is legally permitted to apply the doctrine of relation back in cases where the original complaint named a deceased person as the defendant, the superior court never ruled on Hamilton and Willett's motion to amend. We consequently must remand so the superior court can decide whether they should be allowed to amend their complaint under Civil Rule 15(a). *Siemion*, 825 P.2d at 898 n. 2.

### 5.  *CONCLUSION*

We adopt the rule articulated by the federal courts and followed by some state courts that amendments adding the representatives of the estates of deceased persons as defendants may relate back to the date of the original proceedings. We thus VACATE the dismissal of the complaint. We REMAND to the superior court with instructions to consider plaintiffs' motion to amend.

MOORE, C.J., not participating.

---

12. It is the Estate of William Blackmon, not State Farm, that Hamilton and Willett will seek to bring into the case when they sue the estate's personal representative. As the estate has not yet been opened it could not have notice of the claim against it; it would therefore be impossible to satisfy the literal terms of Civil Rule 15(c).

However, State Farm is the only entity with exposure for damages liability as a result of Hamilton and Willett's action. Under these circumstances, actual notice to State Farm suffices to meet the notice requirement of Civil Rule 15(c).