BOLGER, Chief Justice.
I. INTRODUCTION
At trial a murder defendant offered an acquaintance's testimony given during grand jury proceedings, invoking the former-testimony exception to the hearsay rule. The superior court excluded the evidence, reasoning that the State did not have the same motive to develop the acquaintance's testimony at grand jury. The court of appeals agreed.
We conclude that the former-testimony exception does not require the opposing party to have had an identical motive to develop the testimony during the previous proceeding. Here the prosecutor's motives at grand jury and at trial were sufficiently similar to fit this exception. But we affirm based on the superior court's alternate rationale: The defendant did not establish that he had used reasonable means to secure the witness's attendance, and thus the witness was not "unavailable"-a requirement for the former-testimony exception to apply.
II. FACTS AND PROCEEDINGS
A. Facts
In June 2009 Elisa Orcutt was found murdered in her home. Police arrested Kenneth Arnold Wahl, whom Orcutt had previously hired to perform odd jobs. In a statement given to the police, Wahl encouraged them to investigate an acquaintance of his, Lewis "Buddy" Hardwick. The police interviewed Hardwick, but they ultimately charged Wahl with the murder. Hardwick testified during the grand jury proceedings and offered information about the nature of his relationship with Wahl as well as details about his and Wahl's activities during the weekend in which Orcutt was murdered. In July 2009 the grand jury indicted Wahl for murder in the first and second degree.
B. Proceedings
1. Superior court trial
The charges against Wahl proceeded to trial in superior court in May and June 2013. Wahl's primary defense at trial was that *426 someone else, likely Hardwick, was responsible for Orcutt's murder and the police had failed to follow up on any suspects other that Wahl. During the trial Wahl notified the court at a bench conference that he could not locate Hardwick to call him as a witness. Wahl had asked the State for Hardwick's contact information, but the State also could not locate Hardwick; it had been looking "everywhere" for him and believed he had left Alaska.
Wahl sought to introduce Hardwick's grand jury testimony under Alaska Evidence Rule 804(b)(1), which provides that the hearsay rule does not exclude certain former testimony of an unavailable declarant. The State moved to exclude this testimony.
The superior court held a hearing to consider the admissibility of Wahl's prior testimony. A defense investigator testified that she initially tried to locate Hardwick in 2009 but ceased shortly thereafter, believing Hardwick to be deceased. The investigator resumed her search for Hardwick about a week before the start of the trial. She searched death records and various databases but was unable to identify his present location. She also testified that she contacted former addresses, employers, a potential family member, and the public defender agency in Florida that had previously represented Hardwick, all without success. She was able to uncover a traffic ticket issued to Hardwick several weeks prior to the trial and called the state officer who issued the ticket, but her messages were not returned. Finally she attempted to locate Hardwick through social media, but that too was ineffective. The investigator concluded her search efforts on May 30, 2013, after the trial commenced.
Wahl's counsel also related that prior to the trial, the State had provided her with a witness list that included Hardwick. Because Hardwick was on the State's list, Wahl's counsel "had no reason ... to believe that [the State] didn't have him," especially given that the State had previously procured Hardwick's testimony at grand jury proceedings. Only after the trial had commenced did she learn that Hardwick was not in the State's custody, could not be located, and might not be called as a State witness.
After hearing testimony from the defense investigator and argument from both parties, the superior court sustained the State's objection to admitting Hardwick's grand jury testimony. The court first ruled that the defense had not used "reasonable means" to secure Hardwick's attendance, specifically noting that Wahl had neither asked for state or local police help nor sought a court order under the Uniform Act to Secure Attendance in Criminal Proceedings (the Uniform Act).[1] The superior court characterized the defense investigator's efforts to locate Hardwick as "reasonable steps" and noted that, based on the State's acknowledgment that it could not locate Hardwick, "seeking the State's help in this case might have been futile." But the court concluded that a defendant must seek the State's help in locating a witness "even if it's a long shot." Therefore the court concluded that by "neither ask[ing] for state or local police help, nor us[ing] the terms of [the Uniform Act]," nor asking for a continuance to allow time to locate Hardwick, Wahl did not meet his burden to show he employed reasonable means to locate Hardwick.
The court additionally concluded that Hardwick's testimony did not constitute "former testimony" under the hearsay exception because the State did not have a similar motive to develop Hardwick's testimony during grand jury proceedings. According to the court, grand jury proceedings involve "an entirely different set of guidelines or ... rules." Such proceedings do not afford an opportunity for cross-examination and questions are usually "limited to those sufficient to support the indictment, with little or no delving into the facts provided or challenging the testimony given."
Finally the court concluded that the testimony was not admissible under the residual exception to the hearsay rule,[2] in part because *427 Ryan v. State[3] and Idaho v. Wright[4] require the defendant to show that the proffered testimony was "so trustworthy that adversarial testing would add little to its reliability."[5]
Later in the trial, Wahl renewed his request to admit Hardwick's grand jury testimony under Evidence Rule 804(b)(1), arguing that the testimony of an investigating police officer demonstrated that it would have been futile for Wahl to request the State's assistance in locating Hardwick because the State also could not locate Hardwick through its independent efforts. According to Wahl his failure to enlist the State's help should therefore not count against him in the reasonable-efforts determination because this failure did not affect the outcome. The superior court again declined to admit Hardwick's testimony, reiterating that Wahl should have "asked the state to help[,] ... issued or requested the subpoena, or come to the court and asked for help" in order to satisfy the reasonable-efforts requirement.
The jury ultimately found Wahl guilty of both murder counts. The convictions were merged for the purposes of sentencing, and Wahl received a mandatory sentence of 99 years' imprisonment.
2. Court of appeals proceedings
Wahl appealed, arguing in relevant part that the superior court erred in excluding Hardwick's grand jury testimony and that this error was not harmless. The court of appeals affirmed the superior court's exclusion of Hardwick's prior testimony and affirmed Wahl's conviction.[6] It agreed that the testimony was not admissible under the former-testimony exception because the State's motive to develop Hardwick's testimony during the grand jury proceeding was dissimilar from the motive it would have had at trial.[7] The court of appeals reasoned that "[n]othing in the grand jury record suggests that the prosecuting attorney had reason to believe that someone might later claim that it was Hardwick, not Wahl, who committed the murder, and that it was necessary to examine Hardwick on this issue."[8] The court reasoned that, because the State could not have known when it questioned Hardwick during the grand jury proceedings four years prior that Wahl would later attempt to cast blame on Hardwick, it had "a significantly different motive" during those questions, and Hardwick's answers were thus inadmissible.[9] The court of appeals did not consider whether Hardwick was unavailable because it held the testimony inadmissible on the basis of this different motive.[10]
The court also concluded that Hardwick's testimony was inadmissible under the residual exception.[11] It reasoned that when testimony fails to satisfy the "similar motive" requirement under the former-testimony exception, then the testimony will almost inevitably fail to satisfy the requirement that it have "guarantees of trustworthiness" equivalent to the more specific exceptions in Rule 804.[12] Wahl petitioned for our review, and we granted his petition.
*428 III. DISCUSSION
"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[13] Hearsay is generally inadmissible,[14] but the Alaska Rules of Evidence contain specific exceptions that permit the admission of some hearsay.[15] One set of exceptions, contained in Rule 804, is made for hearsay evidence of a declarant who is "unavailable" as defined by the Rule.[16] Wahl argues that Hardwick qualifies as an unavailable witness and that his grand jury testimony is admissible under two of the Rule 804 hearsay exceptions for such declarants-the former-testimony exception and the residual exception. The former-testimony exception allows hearsay by an unavailable declarant to be introduced when it is
[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of another proceeding, if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.[17 ]
The residual exception also allows for the introduction of an unavailable declarant's former testimony if it is "not specifically covered by any of the [other] exceptions but [has] equivalent circumstantial guarantees of trustworthiness."[18]
In the case of Hardwick's grand jury testimony, the court of appeals determined that the State lacked the similar motive necessary for the former-testimony exception to apply and that the testimony lacked the guarantees of trustworthiness necessary for the residual exception to apply.[19] It affirmed the superior court's exclusion of Hardwick's grand jury testimony on these grounds.[20] But we find error in the court of appeals's reasoning with respect to both exceptions, so we cannot affirm the superior court's decision on those grounds. Instead we affirm the superior court's decision based on an element of Rule 804 not considered by the court of appeals-whether Hardwick was unavailable. The superior court did not abuse its discretion when it concluded that Hardwick was not unavailable under Rule 804. On this ground, we affirm the superior court's exclusion of his grand jury testimony.
A. The State Had A Similar Motive When Developing Hardwick's Testimony During The Grand Jury Proceedings .
The State argues, as it did successfully before the court of appeals, that Hardwick's grand jury testimony was inadmissible under the former-testimony exception because the prosecution did not have a similar motive to develop the testimony at that time. Wahl argues that this court should adopt a broader interpretation of "similar motive" than did the court of appeals. When an evidentiary ruling "turns on a question of law, such as the 'correct scope or interpretation of a rule of evidence,' we apply our independent judgment."[21] We will "adopt the rule of law that is 'most persuasive in light of reason, precedent and policy.' "[22]
Though we have not previously considered how to determine whether a party had a similar motive to develop testimony at a prior *429 proceeding, numerous federal courts of appeal have analyzed the federal equivalent to this exception, Federal Rule of Evidence 804(b)(1).[23] As both parties acknowledge, there are two theories these courts use to determine whether grand jury testimony was developed with a motive similar to the prosecution's at trial. The Ninth, Sixth, and D.C. Circuits have adopted a broad interpretation of "similar motive," considering the government's motive to examine a witness at a grand jury proceeding as generally similar to the one it has at trial since both proceedings are directed at the same issue: the guilt or innocence of the defendant.[24] In contrast the First and Second Circuits require the government to have a similar intensity of motive.[25] Noting that prosecutors in a grand jury proceeding may not necessarily act with adversity toward a witness, these courts have found that prosecutors may seek not to discredit a witness and thus lack a similarly intense motivation as they would have at trial.[26]
We disagree with this latter approach. As the Ninth Circuit explained, "the requirement of similar 'intensity' of motivation conflicts with the rule's plain language, which requires 'similar' but not identical motivation."[27] The plain text of Alaska Evidence Rule 804(b)(1) requires neither an identical motive nor a similar intensity of motive to develop the testimony during a prior proceeding. Rule 804(b)(1) requires only "an opportunity and similar motive." Here the State had the same motive during the grand jury proceedings and trial: to establish that Wahl, and not someone else, committed the crime of murder.[28] The State has failed to identify any convincing way that its motive in presenting Hardwick's testimony during the grand jury proceeding would have differed from its motive to cross-examine him at trial.
We therefore conclude that the court of appeals erred in affirming the superior court when it ruled that the grand jury testimony was inadmissible under Rule 804(b)(1) for lack of similar motive.
B. It Was Legal Error To Use A Heightened Standard When Holding That Hardwick's Testimony Could Not Be Admitted Under Alaska Evidence Rule 804(b)(5).
The superior court also ruled that Hardwick's grand jury testimony was inadmissible under the residual exception, and the court of appeals affirmed, in part because the grand jury testimony was not "so trustworthy that adversarial testing would add little to its reliability."[29] Wahl contends that the standard applied by the court of appeals is inconsistent with our precedent, raising a question of law that we review de novo.[30]
Though the text of Rule 804(b)(5) does not distinguish between the parties offering the evidence, we recognized in *430 Sanders v. State that the Confrontation Clause[31] might be implicated by evidence introduced via Rule 804(b)(5).[32] Thus the heightened standard applies when the State offers hearsay evidence against a criminal defendant .[33] But when a criminal defendant proffers hearsay evidence under 804(b)(5), the evidence need only have " 'circumstantial guarantees of trustworthiness' that are 'equivalent' to the guarantees of trustworthiness that justify the enumerated hearsay exceptions when the declarant is unavailable."[34] As it was Wahl who sought to introduce Hardwick's testimony, the superior court committed legal error by applying too high a standard for him to overcome.
C. Hardwick Was Not Unavailable For The Purposes Of Alaska Rule Of Evidence 804(b).
The superior court additionally concluded that Rule 804(b)(1)'s former-testimony exception did not apply because there was insufficient evidence to show that Hardwick was "unavailable" as the exception requires. The court of appeals, however, affirmed the superior court's decision based on its analysis of "similar motive" and did not decide whether Hardwick was unavailable.[35] Because we have decided that the former-testimony exception otherwise applies, we must consider whether we can affirm the superior court's judgment based on its analysis of Hardwick's unavailability.
We review the superior court's exclusion of evidence, including witness testimony, for abuse of discretion.[36] "We will find an abuse of discretion upon a showing that a decision was 'arbitrary, capricious, manifestly unreasonable, or stemmed from an improper motive.' "[37] Here we hold that the superior court did not abuse its discretion when it determined that Wahl had not used reasonable means to procure Hardwick's testimony.
In order for the former-testimony exception to apply, the declarant must be "unavailable."[38] As relevant here, Rule 804 provides that a declarant is unavailable if "the declarant ... is absent from the [trial] and the proponent of the declarant's statement has been unable to procure the declarant's attendance ... by reasonable means including process ."[39] The court of appeals has previously noted that "[n]othing precludes the defense from seeking state assistance in finding an absent witness," holding that such a request or use of the Uniform Act may be necessary to deem a witness unavailable.[40] The same reasoning applies here.
The superior court found that Wahl's means were insufficient because he had not sought assistance from the state, used the Uniform Act, or requested additional time to secure Hardwick's presence. The court recognized that Wahl had contacted individuals in Florida at locations where Hardwick had previously frequented, identified a traffic ticket issued to Hardwick in Jacksonville, and believed that the State would call Hardwick as a witness. But it also noted that "when [Wahl's] effort became unfruitful, [he] neither asked for state or local police help, nor used the terms of [the Uniform Act]."
This finding is amply supported by the record. Throughout the four years preceding the trial, Wahl refrained from taking advantage *431 of the state's and court's resources to locate an important witness, even when his own efforts were unsuccessful. Thus we cannot say that the superior court abused its discretion when it determined that Wahl had failed to use reasonable means to procure Hardwick's testimony and denied admission of the grand jury testimony on this ground.
IV. CONCLUSION
The superior court reasonably concluded that Alaska Evidence Rule 804(b)(1) and (b)(5) did not apply to the hearsay evidence in question because Hardwick was not unavailable, as required for either exception. We AFFIRM the superior court's judgment on this ground.
CARNEY, Justice, with whom WINFREE, Justice, joins, dissenting.
CARNEY, Justice, with whom WINFREE, Justice, joins, dissenting.
I agree with the court that the former-testimony exception does not require the opposing party to have had an identical motive to develop the testimony in the previous proceeding. But I believe the trial court abused its discretion when it held that Hardwick was not unavailable as a witness because Wahl had not taken measures to locate Hardwick that the trial court recognized would be futile. I therefore respectfully dissent.
As the court notes, there was a four-year-long delay between Wahl's arrest and his trial.[1] The defense investigator initially searched for Hardwick, and after being unable to locate him concluded that he had died. Years later, in anticipation of trial beginning, the investigator resumed the search for Hardwick.
The investigator "searched death records and various databases," "contacted former addresses, employers, a potential family member," and the Florida defense agency that had represented Hardwick in the intervening years, "all without success."[2] After learning that Hardwick had been cited for a traffic offense a few weeks before trial, the investigator left messages for the Florida police officer who had issued the ticket. But that officer never responded. In addition, the investigator's attempts to find Hardwick via social media were unsuccessful.
Wahl's defense attorney also informed the trial court[3] that because the State had listed Hardwick on its witness list, she had presumed that the State knew his location. She informed the court that when her investigator had been unable to locate Hardwick, she had asked the assigned prosecutor for Hardwick's contact information. In response, the prosecutor informed the defense attorney that the State had also been unable to locate him.
Following a lengthy evidentiary hearing, the trial court "note[d] ... seeking the [S]tate's help in this case might have been futile, given the available information the [S]tate had." It further recognized that the defense "undertook some reasonable steps to find ... Hardwick." But the trial court concluded that the defense had not shown that Hardwick was unavailable because it had not made use of the Uniform Act,[4] "even [though] it [was] a long shot."
The trial court's decision rested on its misreading of the court of appeals' decision in Morton v. State[5] -a misreading that this court now embraces. The Morton court held that the trial court had not abused its discretion when it held that the witness was not unavailable because the defendant "had not shown due diligence in trying to locate" the witness by only making a single phone call to a number in Hawaii in the sixty days since last contacting the witness.[6] The trial court had specifically "indicated that the defendant should have at least attempted to obtain a subpoena in Hawaii."[7]
*432 On those facts the court of appeals was "satisfied that [the court] did not abuse [its] discretion in making this finding"[8] -that is, that the trial court's decision was not "arbitrary, capricious, manifestly unreasonable, or stemmed from improper motive."[9] In support of its approval of the trial court's decision, the court of appeals listed the many things that Morton had not done to try to locate the witness: despite knowing the witness was likely in Kona or Maui, Hawaii, the defense in Morton did not attempt to contact the police or serve a subpoena in either place; it did not check for a forwarding address from Alaska to Hawaii; and the defense did not check with the union to which it knew the witness belonged.[10] The court of appeals then stated that a defendant is "required to do more than [Morton] did to establish due diligence. Nothing precludes the defense from seeking state assistance in finding an absent witness."[11] The court found no abuse of discretion by the trial court because Morton had not sought the State's assistance in locating the witness after his single phone call had been unsuccessful.[12] Of note, however, is the court of appeals' specific concession that if Morton had sought assistance from the State, or the court, and the State had failed to find the witness, "we might conclude that [Morton] had done all that was necessary to find the absent witness."[13]
Wahl not only did much more than the Morton court believed a defendant should do to locate a witness, he notified the court that the State itself was unable to locate Hardwick. Given the greater resources that the State had employed without success, the trial court acknowledged that requiring Wahl to invoke the Uniform Act might have been "futile." But the court nonetheless held that because Wahl had not taken this futile action, he had not shown that Hardwick was unavailable. That conclusion was manifestly unreasonable in the face of the facts that Wahl had presented.
I would therefore reverse the trial court's conclusion that Wahl had not shown that Hardwick was unavailable, and remand for a new trial at which Hardwick's grand jury testimony would be admitted.

AS 12.50.010 -.080.

Alaska R. Evid. 804(b)(5) ("The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.").

899 P.2d 1371 (Alaska App. 1995).

497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).

See Ryan , 899 P.2d at 1375 (quoting Wright , 497 U.S. at 820-21, 110 S.Ct. 3139 ).

Wahl v. State , 402 P.3d 419, 420 (Alaska App. 2017).

Id. at 422-23.

Id. at 423.

Id.

Id. at 422.

Id. at 423-24.

Id. at 424. The superior court also found that Hardwick's testimony was inadmissible under an alternative theory. We held in Smithart v. State that "when a defendant wishes to implicate a specific individual, evidence of the third party's guilt is admissible only if the defense can produce evidence that 'tend[s] to directly connect such other person with the actual commission of the crime charged.' " 988 P.2d 583, 586 (Alaska 1999) (alteration in original) (quoting Marrone v. State , 359 P.2d 969, 984-85 n.19 (Alaska 1961) ). The superior court here found that even if Hardwick's testimony was admissible under one of the hearsay exceptions, Wahl did not offer evidence that would be sufficient to directly connect Hardwick to Orcutt's murder. Because we affirm the superior court's judgment on alternative grounds, however, we do not reach this issue.

Alaska R. Evid. 801(c).

Alaska R. Evid. 802.

Alaska R. Evid. 803, 804.

See Alaska R. Evid. 804(a).

Alaska R. Evid. 804(b)(1).

Alaska R. Evid. 804(b)(5).

Wahl v. State , 402 P.3d 419, 423-24 (Alaska App. 2017).

Id .

Sanders v. State , 364 P.3d 412, 419-20 (Alaska 2015) (quoting Barton v. N. Slope Borough Sch. Dist. , 268 P.3d 346, 350 (Alaska 2012) ).

Id. at 420 (quoting Barton , 268 P.3d at 350 ).

Similar to Alaska Evidence Rule 804(b)(1), Federal Rule of Evidence 804(b)(1) permits admission of prior testimony of an unavailable witness if the party against whom the testimony is offered "had ... an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

See United States v. McFall , 558 F.3d 951, 963 (9th Cir. 2009) ; United States v. Foster , 128 F.3d 949, 955-56 & n.6 (6th Cir. 1997) ; United States v. Miller , 904 F.2d 65, 68 (D.C. Cir. 1990).

See United States v. Omar , 104 F.3d 519, 523-24 (1st Cir. 1997) ; United States v. DiNapoli , 8 F.3d 909, 912 & 914-15 (2d Cir. 1993) (en banc).

Omar , 104 F.3d at 523 ; DiNapoli , 8 F.3d at 912-13.

McFall , 558 F.3d at 963 (citing DiNapoli , 8 F.3d at 916 (Pratt, J., dissenting)).

Cf . Id. , 558 F.3d at 963 (holding that "the government's fundamental objective in questioning [a witness] before the grand jury was to draw out testimony that would support its theory that [the defendant] conspired with [the witness] to commit extortion-the same motivation it possessed at trial"); Miller , 904 F.2d at 68 (holding that the trial court abused its discretion by excluding grand jury testimony when "[b]efore the grand jury and at trial, [the witness's] testimony was to be directed to the same issue-the guilt or innocence of [the defendants]").

Wahl v. State , 402 P.3d 419, 424 (Alaska App. 2017) (citation omitted).

See Mengisteab v. Oates , 425 P.3d 80, 85 (Alaska 2018) ("We review de novo whether the trial court applied the correct legal standard.").

U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...."); Alaska Const. art. I, § 11 ("The accused is entitled ... to be confronted with the witnesses against him.").

Sanders v. State , 364 P.3d 412, 424-25 (Alaska 2015).

See Idaho v. Wright , 497 U.S. 805, 821-22, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).

Sanders , 364 P.3d at 425 (quoting Alaska R. Evid. 804(b)(5) ).

Wahl v. State , 402 P.3d 419, 422 (Alaska App. 2017).

Lindbo v. Colaska, Inc. , 414 P.3d 646, 650 (Alaska 2018).

Id . at 651 (quoting Tracy v. State, Dep't of Health & Soc. Servs., Office of Children's Servs. , 279 P.3d 613, 616 (Alaska 2012) ).

Alaska R. Evid. 804.

Alaska R. Evid. 804(a)(5) (emphasis added).

See Morton v. State , 684 P.2d 144, 147 (Alaska App. 1984).

See Opinion at 425-26.

Id. at 426.

The trial court accepted this statement as the attorney's offer of proof.

Uniform Act to Secure Attendance of Witnesses in Criminal Proceedings, AS 12.50.010 -.080.

684 P.2d 144 (Alaska App. 1984).

Id. at 146.

Id.

Id.

Lindbo v. Colaska, Inc. , 414 P.3d 646, 651 (Alaska 2018) (quoting Tracy v. State, Dep't of Health & Soc. Servs., Office of Children's Servs. , 279 P.3d 613, 616 (Alaska 2012) ).

Morton , 684 P.2d at 146-47.

Id. at 147.

Id.

Id.