NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ELIZABETH RILEY, f/k/a ELIZABETH J. SHEAR, | ) ) ) | Supreme Court Nos. S-17327/17338 |
| Appellant and Cross-Appellee, | ) ) ) ) | Superior Court No. 3PA-13-02000 CI |
| v. | ) ) | MEMORANDUM OPINION AND JUDGMENT* |
| KARL E. SHEAR, | ) ) | No. 1814 – February 3, 2021 |
| Appellee and Cross-Appellant. | ) ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Richard L. Harren, Law Offices of Richard L. Harren, P.C., Wasilla, for Appellant and Cross-Appellee. Kimberlee A. Colbo, Hughes White Colbo Wilcox & Tervooren, LLC, Anchorage, for Appellee and Cross-Appellant.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

I.     INTRODUCTION

A man was driving with his then-wife when he braked suddenly, causing her seatbelt to lock over her chest. The woman sued, claiming the seatbelt caused

---

\*     Entered under Alaska Appellate Rule 214.

physical and mental injury. A jury found that the man was negligent but his negligence was not the substantial cause of any injury. The woman appeals various pretrial orders. The man cross-appeals the jury instructions and the jury's finding of negligence. Because none of the arguments on appeal have merit, we affirm the superior court's decisions and do not reach the cross-appeal.

## II.    BACKGROUND

Karl Shear and Elizabeth Riley married in February 2011. In May 2011 Riley had a bilateral mastectomy to treat cancer; she then had reconstructive surgery.

In August 2011 Shear was driving Riley from Palmer to Anchorage. They were in the left lane when a pickup truck in the right lane suddenly swerved in front of their vehicle. Shear braked to avoid a collision, causing Riley's seatbelt to tightly lock over her chest. Riley later asserted that purple and red marks appeared on her breast and that she suffered heightened anxiety and night terrors as a result of the incident.

Shear and Riley divorced in October 2012. In January 2014 Riley sued Shear for negligence based on the August 2011 traffic incident.

A three-day jury trial was held in late 2018. Riley and Shear described Shear's driving very differently. According to Riley, Shear sped up behind the other car and engaged in what Riley referred to as a "chicken fight" in which Shear sped up and slowed down about three times. Shear, on the other hand, admitted that he slowed down to glare at the truck driver but denied engaging in "a game of chicken fighting." The jury found Shear negligent but found that his negligence was not a substantial factor causing harm to Riley.

Riley appeals, arguing that the superior court made a number of errors in pretrial proceedings. Shear cross-appeals. Shear concedes it is unnecessary to address his cross-appeal unless we reverse the superior court's decisions and remand this matter.

Because we affirm each of the superior court decisions that Riley challenges, we do not address the cross-appeal.

## III.   DISCUSSION

### A.   Order Excluding Evidence Of Shear's Insurance

Alaska Evidence Rule 411 prohibits introduction of proof of insurance "on the issue of whether the person acted negligently."[1]  Riley does not dispute that the superior court properly relied upon this rule and our long-standing case law when it denied her motion to introduce proof of Shear's insurance.[2]  She asks us to overturn our precedent to allow plaintiffs to present evidence that defendants are insured.[3]

Riley presents a legal challenge to the rule, which we review de novo, "adopt[ing] the rule of law that is most persuasive in light of precedent, reason, and policy."[4]  "We will overrule a prior decision only when clearly convinced that the rule

---

[1]     Alaska R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully.  This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.").

[2]     *See, e.g.*, *Shane v. Rhines*, 672 P.2d 895, 900 (Alaska 1983) ("We agree that evidence of liability insurance may well affect a jury's decision whether to find a party liable, either for compensatory or punitive damages.  However, the danger that evidence of insurance will persuade a jury to alter its view on the threshold question of entitlement is precisely why Evidence Rule 411 requires exclusion of that evidence."); *Severson v. Severson's Estate*, 627 P.2d 649, 651 (Alaska 1981) (declining to "recognize a direct cause of action against [an] insurer").

[3]     Riley withdrew a challenge to the constitutionality of Rule 411 at oral argument.

[4]     *Pederson v. Arctic Slope Reg'l Corp.*, 331 P.3d 384, 393 (Alaska 2014) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979)).

was originally erroneous or is no longer sound because of changed conditions, and that more good than harm would result from a departure from precedent."[5]

We are not clearly convinced that our interpretation of Evidence Rule 411 was originally erroneous or is no longer sound. We therefore decline Riley's invitation to overrule our previous cases enforcing its application.

**B.      Order Excluding Expert Testimony**

Shear filed a motion in limine to preclude the testimony of Riley's proposed accident reconstruction expert. The expert had prepared a videotape of his 2017 drive along the same stretch of highway that Shear and Riley had traveled in August 2011; he had also reviewed photographs of the car, deposition transcripts, and other evidence.

Following a two-day evidentiary hearing, the superior court granted the motion in limine. The court concluded that "the experimental methodology employed was not substantially similar to conditions at the time of the event and . . . the witness will not assist the jury to understand the evidence." Riley argues that the superior court erred when it precluded testimony and evidence from her proffered expert witness.

"We review the superior court's exclusion of evidence, including witness testimony, for abuse of discretion."[6] The court based its conclusion on evidence presented over two days and its review of the expert's data and report. The court found that the witness was "not qualified to testify as to biomechanical issues, including the type of force that imparts injury to the human body," and that academic materials provided by the witness were "wholly inadequate to support his methodology." Riley does not challenge these findings; instead she argues that the expert was merely

---

[5]      *Thomas v. Anchorage Equal Rights Comm'n*, 102 P.3d 937, 943 (Alaska 2004) (quoting *State, Commercial Fisheries Entry Comm'n v. Carlson*, 65 P.3d 851, 859 (Alaska 2003)).

[6]      *Wahl v. State*, 441 P.3d 424, 430 (Alaska 2019).

explaining two physics equations and that "one does not need to hold a Ph.D. degree in biomechanical engineering to understand the two equations in classical mechanics."

Riley also does not challenge the court's observation that "[t]he video simulation was performed more than five years since the incident" or its conclusion that the passage of time made "any attempt at a recreation of the incident with similar conditions or recreation of the simulated drive virtually impossible."

The court found that key assumptions made by the witness "could not be verified" so opinions based on them were "not reliable."  It noted a number of errors including the report referring to a "lane change" that was in fact "a continuous merge from an on ramp"; relying on a "simulated seatbelt pull" that did not accurately reflect "how long it took the seatbelt to lock in the alleged incident"; and assuming that all of the pressure from the seatbelt came from the shoulder harness and not Riley's lap belt. Riley challenges none of these findings.

The superior court did not abuse its discretion by relying on these findings, supported by the expert's testimony at the evidentiary hearing, when it excluded the proposed expert testimony and evidence.

C.    **Cost Of Rescheduling Expert Deposition**

Due to a death in his family, Riley's attorney was unable to attend a scheduled deposition of Shear's expert witness.  The expert informed Shear's attorney that he would charge a fee of $6,000 to reschedule the deposition.

Riley moved to continue the trial to allow her to conduct the deposition. The court granted the continuance but ordered Riley to pay any associated fees for rescheduling.  The expert subsequently informed the parties that the fee to reschedule would be $10,000.  The court then ordered that Riley was responsible for only $6,000 of the fee.

Riley argues that the court abused its discretion by requiring her to assume the majority of the cost of rescheduling the deposition of Shear's expert witness. She argues first that the court violated her constitutional right to confront the witnesses against her.[7] But this right only applies to criminal matters;[8] her argument fails.

Riley also argues that the order was a violation of her rights to due process and to cross-examine witnesses under Alaska Rule of Civil Procedure 30(c) because the $6,000 fee "was beyond [Riley's] financial capacity." But Riley's due process rights and right to cross-examine witnesses were not implicated. The superior court provided Riley a timely opportunity to conduct the deposition of Shear's expert. Holding Riley responsible for the cost of rescheduling the deposition to accommodate her attorney's schedule did not deprive her of that opportunity. Denying her motion to be relieved of the cost was not an abuse of discretion.[9]

### D.    Order Prohibiting Witness Testimony By Telephone

On the first day of trial, Riley informed the court and Shear that she intended to have a number of witnesses from her witness list testify by telephone. Shear objected and the court denied Riley's oral motion.

Alaska Rule of Civil Procedure 99(a) permits parties to call witnesses "to participate telephonically in any hearing or deposition for good cause and in the absence of substantial prejudice to opposing parties." The court denied the request because it was

---

[7]     *See* U.S. Const. amend. VI; Alaska Const. art. I, § 11.

[8]     *See In Re A.S.W.*, 834 P.2d 801, 805 (Alaska 1992) (noting that a civil litigant's right to confront litigants is "founded upon notions of procedural due process" rather than the Confrontation Clause).

[9]     Additionally, Riley played the deposition of the expert at issue in her case in chief, thus likely waiving any objection to the deposition.

untimely and therefore unfair and prejudicial to Shear. The court did not abuse its discretion.

### E.     Other Arguments

Riley challenges several of the superior court's other decisions. She argues that the court should have "applied res judicata" to the domestic violence protective order issued against Shear after the August 2011 events. She argues that if the court had granted her request, "[Shear] would have been found, by law, to have been negligent." But because the jury found Shear negligent anyway, any error was harmless, and the issue is moot.[10]

Riley argues that the superior court should have granted her motion for summary judgment and found that Shear was negligent per se as a matter of law because he was driving above the speed limit at the time of the incident. After the jury found Shear negligent, this issue is moot.

Riley also argues that the court erred when it granted Shear's motion in limine to exclude evidence of domestic violence. But Riley filed a non-opposition to the motion. And the court granted Shear's motion without prejudice, and authorized Riley to make application before trial to admit the evidence. Because she never did so, Riley waived any argument that the court erred.

## IV.   CONCLUSION

We AFFIRM each of the superior court's orders.

---

[10]     "A claim is moot if it is no longer a present, live controversy, and the party bringing the action would not be entitled to relief, even if it prevails." *Mitchell v. Mitchell*, 445 P.3d 660, 663 (Alaska 2019) (quoting *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002)).